NATIONAL HARROW CO. v. WESCOTT et al.

(Circuit Court, N. D. New York. January 27, 1898.)

No. 6,470.

1. PATENTS—INVENTION—MECHANICAL SKILL—SPRING-TOOTH HARROWS.

The adaptation of spring-teeth to harrows being once accomplished, it only required mechanical skill to attach them by devices already known to adjustable beams already in use, so as to make a spring-tooth harrow, with teeth adjustable both independently on the bars and in series, by turning the bars themselves.

2. SAME.

The Cobb patent, No. 224,273, for an improvement in spring-tooth harrows, in which the teeth are adjustable both separately and in series, is void for want of invention as to claim 1.

This was a suit in equity by the National Harrow Company against Pulaski D. Wescott and others for alleged infringement of a patent for an improvement in spring-tooth harrows. On final hearing.

Edwin H. Risley, for complainant.

Strawbridge & Taylor, for defendants.

COXE, District Judge. This is an equity action founded upon letters patent No. 224,273, granted February 10, 1880, to S. C. Cobb for an improvement in spring-tooth harrows. The alleged invention consists of pivoted tooth-bars in combination with spring-teeth attached to the bars by devices which permit the teeth to be adjusted thereon, and which secure them rigidly in any desired position. The teeth may be adjusted independently on the bars, or in series, by turning the bars themselves. The specification describes specific devices for adjustably attaching the teeth to the bars. It says:

"Whenever it is desired to adjust a tooth it is only necessary to loosen the nuts sufficiently to permit the end of the tooth to be raised out of the slot in which it is held, when the tooth may be turned in either direction around the bar and the end placed in another slot, when the fastening is again secured. Thus the lower end of the tooth may be raised or lowered and its pitch changed, as desired. The same result may be accomplished, however, by. employing some other attaching device which will permit the tooth to be adjusted on the bar."

The first claim only is in dispute. It is as follows:

"(1) In a spring-tooth harrow, the tooth-bars B, hinged or pivoted to the frame so as to be adjustable, in combination with elastic teeth attached to the bars by devices which permit them to be adjusted thereon and which secure them rigidly in any position to which they may be adjusted, whereby the teeth may be either adjusted independently on their respective bars or in a series by adjusting said bars themselves, substantially as described."

The patent expired pendente lite. Infringement is not denied. The defenses are defective title and want of patentability.

The two features of which invention is predicated are the adjustable tooth-bars and the elastic teeth attached adjustably to the bars so that there may be a simultaneous adjustment of all the teeth and an independent adjustment of each tooth separately. Were it not for the fact that the claim is limited to spring-teeth the precise combination would be found in the prior art. Before the alleged invention of Cobb, spring-teeth had been attached to tooth-bars by devices which permitted them to be adjusted thereon, but it does not appear that the bars themselves were adjustable. Adjustable rigid teeth had, however, been attached to adjustable bars. The patent to Reed, No. 201,946, shows an adjustable spring-tooth. The patent to Waterbury and Miller, No. 205,449, for which the application was filed in 1877, and not in 1878, as the complainant's counsel inadvertently supposes, shows "means of fastening and adjusting the tooth (spring) to the standard" so that "any elevation or depression of the tooth may be obtained." The patents to Easterbrook and Hochstein, numbered respectively 49,867 and 79,829, show axial bars for rigid teeth pivoted to the frame bars so as to set the teeth at any desired angle. In the former patent the specification says:

"This invention consists mainly in fixing the teeth of harrows in pivoted cross-bars, which are connected by a rod or rods to a hand lever by which they may be set and secured in any desired position, either for dragging heavy or light soil or 'quack grass,' weeds, etc."

The patent also shows an attachment by which the teeth can be raised and lowered in the eye bolt. In the Hochstein patent the claim is as follows:

"The combination of the adjustable teeth-supporting beams B, independent of each other, and the set-screws b', b', substantially as and for the purpose described."

Various patents showing similar combinations are in proof, but it is unnecessary to multiply references. Unquestionably the adaptation of spring-teeth to harrows was a pioneer invention of great value. When, however, this basic principle had been established it required only the skill of the mechanic to do with spring-teeth precisely what had previously been done with rigid teeth. The improved results were due to the elastic teeth and not to the mechanism used in fastening them to the frame. If Reed had attached spring-teeth to the Easterbrook frame by his fastening-clip he would have had the Cobb combination. If spring-teeth had been known when Hochstein made his harrow he would certainly have attached them to his adjustable beams instead of the teeth then in use. Cobb knew the value and efficiency of adjustable beams and of spring-teeth, he took out the old teeth and substituted the new ones, Reed showing him how to fasten them to the beam. It cannot be pretended that Cobb invented any of the valuable features of the harrow described in his patent; he simply took a well-known tooth and fastened it to a well-known frame by well-known means. There was nothing original in this; it was what any skilled operator would do after the value of the spring-tooth became apparent. The claim must, therefore, be held invalid for lack of invention. The court is of the opinion that the defendants are not estopped in this action from insisting upon this defense by reason of their relations with Hench and Dromgold and the latter's relations with the complainant. The bill is dismissed.