SAFETY CAR HEATING & LIGHTING CO. v. UNITED STATES LIGHT
& HEATING CO.

(District Court, W. D. New York.   December 11, 1914.)

No. A–3.

PATENTS ⬦⬦328—INVENTION—DYNAMO SUSPENSION.

 The Thomson patent, No. 881,743, for dynamo suspension for car lighting systems, *held* void for prior use and lack of invention.

In Equity.   Suit by the Safety Car Heating & Lighting Company against the United States Light & Heating Company.   On final hearing.   Decree for defendant.

Duell, Warfield & Duell, of New York City (C. H. Duell, F. P. Warfield, H. S. Duell, R. S. Blair, and D. G. Haynes, all of New York City, of counsel), for complainant.

Jones, Addington, Ames & Seibold, of Chicago, Ill., and Kenefick, Cooke, Mitchell & Bass, of Buffalo, N. Y. (W. Clyde Jones, Robert Lewis Ames, and Edwin B. H. Tower, Jr., all of Chicago, Ill., of counsel), for defendant.

HAZEL, District Judge.   Infringement is alleged of patent No. 881,-743, for dynamo suspension, issued March 10, 1908, to William I. Thomson, assignor of complainant.   The dynamo is used in connection with the electric lighting of railway cars, and the specification is descriptive of a pulley or pulleys mounted fast upon the car axle and connected by belts to a corresponding pulley or pulleys upon the armature shaft of a generator which supplies the current to the lamp circuits, as is more particularly explained in two other actions between the same parties for infringements of Creveling patent, No. 747,686, and Thomson patent, No. 926,518, in which cases opinions of this court are this day filed.   222 Fed. 310, 320.

The object of the patentee herein was to provide means for mounting the dynamo and securely adjusting the same in position.   The claims in issue are the sixth, seventh, and eighth, of which the sixth claim, for dynamo adjustment parallel to the axle, is the broadest.   It reads as follows:

"6. In apparatus of the class described, in combination, an axle, a dynamo, power transmitting means interposed between said dynamo and said axle, means adapted to permit adjustment of the position of said dynamo in a direction substantially parallel to said axle, and means adapted to hold said dynamo in any one of various positions in the direction of said adjustment."

Claim 7 is for the suspension of the dynamo in a longitudinal direction, while claim 8 specifies that the dynamo is positioned beneath its point of suspension and that the adjustment is lateral and longitudinal.

The defenses are anticipation, limitation of claims, prior use, and noninfringement.   There was evidence that prior to the patent in suit there had been in public use dynamo suspension for car lighting sys-

⬦⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

tends provided with means for longitudinal and lateral adjustment, and that there were also several prior patents embodying disclosures of dynamo suspension, axle driven, for car lighting systems, with means for adjustment parallel to the axle or for longitudinal or lateral adjustment. It will be necessary to refer to only two of the prior patents—patent No. 746,610, granted to Waddell & Brooks December 8, 1903; and patent No. 768,392, granted to Moskowitz August 23, 1904—to show the state of the art at the date of the invention in suit. These patents disclose means for dynamo suspension which, I think, embody the essential features of the patent in suit.

The Waddell & Brooks patent is for a dynamo suspended on a cross-bar or shaft, and is attached laterally to the beams of the truck, with adjustment parallel to the axle. The construction is such that on passing bolts through elongated openings in the base of the bracket *H*, shown in the drawing attached to the patent, the feature of longitudinal adjustment becomes evident, while, by clamping arrangement on the shaft, lateral adjustment is made possible. The elongated slots are thought to serve the same purpose, and are readily caused to operate in substantially the same way as the slots at opposite ends of the shaft shown in the patent in suit. Hence the granting of a broad scope to claim 6 to include additional means of adjustment would scarcely be warranted. The so-called single bolt double slot arrangement of the patent in suit with one pair of slots at the end of the shaft is not, it is true, found in any of the prior patents or structures. Their adaptation, however, in the device in question, is thought devoid of invention. The evidence also shows that the Waddell & Brooks method of suspending the dynamo had been in public use prior to the invention in suit, on New York Central railway car No. 952, and that it included lateral and longitudinal adjustment.

The Moskowitz patent, to which reference has already herein been made, was for a modified form of the Waddell & Brooks structure, and contains means for adjusting the dynamo laterally and longitudinally on the car axle. I am satisfied by the proofs that such structure was also in public use prior to the invention in suit, on New York Central railway car No. 948. On comparing it with the Thomson structure, models of both being before the court, no essential difference in construction is found to exist. There are merely minor differences in the methods of assembling some of the parts. It was testified that said Moskowitz structure was provided with means for longitudinal adjustment and means for holding the dynamo in position after adjustment, and that there was nothing to interfere with readily altering the fastening means to permit lengthwise adjustment on the shaft.

The dynamo suspension installed on car No. 952 embodied the essential elements of claims 6, 7, and 8 in suit, although it had no adjusting slots at opposite ends of the crossbar, nor the single bolt double slot feature of complainant's patent. The addition of adjusting features of that type is not deemed a patentable improvement, but is regarded as the obvious expedient of the mechanic. Peters v. Hanson, 129 U. S. 541, 9 Sup. Ct. 393, 32 L. Ed. 742; Buck v. Timony (C. C.) 78 Fed.

487; Doig v. Morgan Mach. Co., 122 Fed. 460, 59 C. C. A. 616; National Harrow Co. v. Westcott (C. C.) 84 Fed. 671.

Importance is attached by the expert witness for complainant to the vertical suspension of the dynamo, which allows it to swing more freely when jarred by the motion of the train; but the patent in suit makes no claim to any particular alignment of the dynamo, and I do not think it involved invention to suspend it vertically rather than in the inclined position which was the common method of suspension.

Without considering it necessary to go into detail, I conclude that the evidence in its entirety was sufficient to establish prior installation by the defendant and public use on railroad cars in August, 1903, more than two years before the application in suit was filed, of a dynamo suspension apparatus embodying the essential elements of the patent in suit. And even though such patent in suit were not actually anticipated, it nevertheless was void for want of invention.

The bill is dismissed, with costs.